UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN WILLIAM METCALF,

          Petitioner,

v.

WARDEN INGRAM,

          Respondent.

CASE NO. C17-1421-JCC-MAT

REPORT AND RECOMMENDATION

INTRODUCTION

Petitioner Alan William Metcalf, proceeding pro se and currently incarcerated at the Federal Detention Center at SeaTac, submitted a 28 U.S.C. § 2241 petition for writ of habeas corpus. (Dkt. 1.) He avers "'actual and factual innocence'" of a sentencing enhancement in light of the Ninth Circuit Court of Appeal's decision in *Sandoval v. Yates*, 847 F.3d 697 (9th Cir. 2017), and asserts his ability to proceed with this claim pursuant to *Bousley v. United States*, 523 U.S. 614, 623 (1998). (*Id*. at 3.) Having reviewed the petition, the undersigned recommends this matter be dismissed. *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (district court may summarily dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief) (citing Habeas Corpus Rule 4).

REPORT AND RECOMMENDATION
PAGE - 1

## BACKGROUND AND DISCUSSION

Petitioner seeks relief in relation to his February 2010 conviction and sentencing in the United States District Court for the District of Hawaii. (Dkt. 1 at 1-2.) He did not appeal that conviction or file a 28 U.S.C. § 2255 motion or other petition seeking post-conviction relief. (*See id*. at 2-5.)

Petitioner states the District Court of Hawaii enhanced his sentence based on two prior Oregon state court convictions for delivery of a controlled substance. He argues that, pursuant to the Ninth Circuit's recent decision in *Sandoval*, 847 F.3d at 705, those convictions no longer qualify as a controlled substance offense for the purposes of the Sentencing Guidelines and a career offender sentencing enhancement. Petitioner maintains, as a result, he is permitted to proceed with this petition and an actual and factual innocence claim under *Bousley*, 523 U.S. at 623-24. Plaintiff's contention does not withstand scrutiny.

"As a general rule, '§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.'" *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000)). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" *Id*. (quoting 28 U.S.C. § 2255). In contrast, actions pursuant to § 2241 "'challenge the manner, location, or conditions of a sentence's execution[.]'" *Id*. at 956 (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)). A § 2255 motion must be heard in the sentencing court, while a § 2241 petition must be heard in the custodial court. *Hernandez*, 204 F.3d at 864-65.

A federal prisoner may not avoid the general rule requiring the use of a § 2255 motion to

test the legality of detention by filing a § 2241 petition. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted). The "escape hatch" to § 2255 serves as the one exception to that rule. *Id.* Pursuant to the escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoted source omitted). In order to proceed with a § 2241 petition under the escape hatch, a prisoner (1) must make a claim of actual innocence, and (2) must not have had an "'unobstructed procedural shot at presenting that claim.'" *Id.* (quoting *Stephens*, 464 F.3d at 898; internal quotation marks omitted).

In this case, petitioner does not contend he is actually innocent of his underlying conviction. Nor does he point to or introduce any evidence supporting such a claim. Therefore, even if petitioner had asserted his innocence in relation to the underlying conviction, he does not demonstrate that, "'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens*, 464 F.3d at 898 (quoting *Bousley*, 523 U.S. at 623). Petitioner further fails to assert or demonstrate he never had an unobstructed procedural shot at presenting a claim of actual innocence of his crimes. Petitioner, as such, fails to meet either requirement for filing a § 2241 petition under the escape hatch.

Petitioner contends he is actually innocent of his sentencing enhancement as a career offender under the Sentencing Guidelines. However, the question whether petitioner would now qualify as a career offender in light of the Ninth Circuit's decision in *Sandoval* does not present a claim of actual innocence. In the Ninth Circuit, an actual innocence claim under § 2255's escape hatch is considered through the standard articulated by the United States Supreme Court in *Bousley*, 523 U.S. at 623. *Marrero*, 682 F.3d at 1193 (citing *Stephens*, 464 F.3d at 898). Actual innocence "means factual innocence, not mere legal insufficiency.'" *Id.* (quoting *Bousley*, 523

REPORT AND RECOMMENDATION
PAGE - 3

U.S. at 623).

The Ninth Circuit has not yet resolved the question of whether a petitioner "may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." *Id*. (emphasis in original). However, in *Marrero v. Ives*, the Ninth Circuit held "that the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." 682 F.3d at 1193-95 (petitioner's claim two of his prior offenses should no longer be considered related and that he was therefore incorrectly treated as a career offender was "a purely legal claim that has nothing to do with factual innocence.") *Accord Dorise v. Matevousian*, No. 16-15822, 2017 U.S. App. LEXIS 11550 at *2-3 (9th Cir. Jun. 28, 2017) ("Although presented as an actual innocence claim, [petitioner's] real argument is that he was incorrectly categorized as a career offender[.] As in *Marrero*, this claim is purely legal and 'has nothing to do with factual innocence.'") (quoting *Marrero*, 682 F.3d at 1193). Such a claim, as brought by petitioner in this case, may not be brought in a § 2241 petition and should be dismissed for lack of jurisdiction. *Marrero*, 682 F.3d at 1195.

## CONCLUSION

As stated above, petitioner does not qualify for the escape hatch to § 2255 and may not pursue his claim in a § 2241 petition in this Court. It is therefore recommended petitioner's habeas petition be DENIED and this case DISMISSED. A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 20, 2017**.

DATED this 25th day of September, 2017.

Mary Alice Theiler
United States Magistrate Judge